Elizabeth DOHERTY, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. CV83–1834.

United States District Court, E.D. New York.

July 25, 1984.

Legal Aid Society, New York City, for plaintiff; Vicki Lens, New York City, of counsel.

Raymond J. Dearie, U.S. Atty. by Beryl R. Jones, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), (Act) to review a final determination of the Secretary of Health and Human Services (Secretary) denying plaintiff's request to waive recovery of an overpayment of $5,264.85 in Supplemental Social Security Income (SSI) benefits. Plaintiff and defendant cross-move for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P.

I.

Plaintiff, Elizabeth Doherty, currently a sixty-seven year old widow, applied for SSI and widow's benefits on March 6, 1974. She began receiving SSI benefits in October 1974 and widow's benefits in January 1975. From these dates through February 1976, Mrs. Doherty received, at various times, duplicate checks and incorrect retroactive drafts. All checks were made out in her name, however, many were issued using similar looking but incorrect, social security numbers. Generally, the numbers were off by a digit.

In late 1975, plaintiff's daughter Lorraine contacted the Social Security Administration (SSA) to inquire about these checks. According to her affidavit, Lorraine was advised by an unidentified source that "they would take care of it." In January 1976, Elizabeth Doherty visited the SSA offices to fill out a routine questionnaire about her benefits. No mention was made of these checks. In April 1976 plaintiff was told by the SSA that she had been overpaid in the amount of $5,448.30. This figure was later adjusted to $5,264.85, the amount now in question. At this point, plaintiff began proceedings to have repayment waived. She contacted the Legal Aid Society and was briefly represented by Joan Beranbaum of that office.

After an initial review of the case on February 28, 1977, an Administrative Law Judge (ALJ) remanded it for administrative reconsideration, clarification or dismissal. On May 26, 1977, the Appeals Council vacated that decision and remanded the case for a new hearing. No new action appears to have been taken until March 8, 1982, when Mrs. Doherty appointed Michael Gel-

fan, a paralegal assistant at the Legal Aid Society of New York, to handle her case. Several hearings were then scheduled and postponed because Mrs. Doherty was adjudged by doctors to be too ill to attend. On July 15, 1982, Mr. Gelfan was alerted by HHS staff attorney Arthur Klein that ALJ Spielman wished to resolve this matter by August 1982 and suggested that Mr. Gelfan forward all papers to ALJ Spielman. Accordingly, Mr. Gelfan obtained affidavits, albeit brief and unhelpful ones, from plaintiff, her daughter Lorraine and Mrs. Beranbaum. On September 17, 1982, Mr. Gelfan waived the right to have Mrs. Doherty appear at any further hearing and requested that the ALJ base his decision solely on the record, including the papers submitted by Mr. Gelfan (Tr. 102). On November 16, 1982, the ALJ determined that plaintiff was "not without fault", the applicable standard in overpayment actions and so denied waiver of repayment.

█ If substantial evidence exists on the record in support of the ALJ's conclusion that plaintiff was, indeed, "not without fault", this Court must affirm the Secretary's decision. However, because of the total inadequacy of the record before us, the reliance on certain unsupported assumptions and conclusions made by the ALJ, and the failure of the ALJ to take into account plaintiff's mental and physical condition in determining plaintiff to be "not without fault", the Court remands this matter for further evidentiary proceedings.

## II.

█ The Secretary's decision that plaintiff is "not without fault" is conclusive if supported by substantial evidence on the record. Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

█ In order for overpayment to be waived, the individual must be deemed "without fault," as defined by 20 C.F.R.

Sections 416.552, 416.553. Only actions by the individual are considered, any action by the SSA in causing the overpayment is irrelevant. In addition, all the individuals need not be judged equally; the SSA or the ALJ can consider the individual's comprehension of the reporting requirements, and her ability to comply with these requirements. After all circumstances of the particular case are considered, an individual is without fault only when *none* of the following are true:

1. the individual fails to furnish information regarding such overpayment which she knew or should have known was material.

2. the individual makes an incorrect statement regarding such overpayment which she knew or should have known was incorrect.

3. the individual does not return a payment which she knew or could have been expected to know was incorrect.

20 C.F.R. Sections 416.552, 416.553.

Secondly, it must be shown that recovery would defeat the purposes of the Act, is against equity or good conscience or would impede efficient administration of the Act. 42 U.S.C. Section 1383(b). It is conceded by both sides that plaintiff's case meets this second criterion. Accordingly, our examination is limited to whether there is substantial evidence to support the ALJ's determination that plaintiff is "not without fault."

## III.

█ The ordered hearing was never held in this case. Indeed, the majority of the problems encountered by this Court in attempting to review the Secretary's determination on appeal stem from the lack of hearing and the testimony and evidence it would have produced. As stated earlier, Mrs. Doherty was represented by Michael Gelfan, a non-attorney. Such representation is allowed, but is not comparable to representation by legal counsel. While it is analogous to plaintiff appearing *pro se*, it is perhaps a less effective means of

presenting and protecting plaintiff's case. The ALJ must do everything in his power to develop a complete record and inform the *pro se* plaintiff of her rights in order to assure that plaintiff receives full and fair treatment. *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir.1980). Yet, a cursory look at the record shows its inadequacy. If it were the product of representation by an attorney, the Court would be disposed to accept it as is. However, claimant's representation by a paralegal representative leaves the Court uneasy, especially where the paralegal waived plaintiff's right to a hearing.

■ The right to a hearing, to present evidence and testimony and cross-examine witnesses, is an important right that should not be lightly waived. It allows for full development of the facts and a basis for the ALJ to assess credibility. It is troubling when a representative who is not an attorney waives an important right for a claimant. This is particularly true when it is not clear that the claimant understood the significance or meaning of the right or its waiver.

■ Moreover, Mr. Gelfan, either through his own inexpertise or acting on the implications of Mr. Klein's letter, may have been under the misconception that only the claimant could testify at a hearing, and since Mrs. Doherty was too ill to attend, no hearing was necessary. This is clearly untrue. Claimant or her counsel may call any party as a witness, especially someone who has dealt with the SSA on claimant's behalf. *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037 (2d Cir.1984). Plaintiff's daughter Lorraine appears to have handled the checks and dealt with the SSA, and it is her testimony that would be most useful and enlightening. The ALJ might also elicit testimony from those SSA workers who had contact with either Mrs. Doherty or her daughter.

■ By eliciting this testimony, it is hoped that the ALJ will determine who, if anyone, contacted the SSA, how and by whom claimant's questionnaire of January 1976 was filled out, and how the SSA discovered its error. At present, these issues are buried in a morass of conflicting, incomplete evidence. The ALJ must also be aware that if he finds that the SSA indeed provided Mrs. Doherty with erroneous information regarding the overpayment, and if Mrs. Doherty relied on such information, then she is "without fault" under the regulations. 20 C.F.R. Section 404.510(a); *Dorman v. Harris*, 633 F.2d 1035, 1040 (2d Cir.1980).

## IV.

■ In determining plaintiff to be "not without fault," the ALJ failed to properly take into account claimant's particular circumstance. As the Second Circuit Court of Appeals stressed in *Schwingel v. Harris*:

lack of memory or understanding may be a sufficient basis for a finding of lack of fault, taking into account, as the agency's regulations expressly require, the plaintiff's age, comprehension, memory, and physical and mental condition; to hold otherwise would render this requirement idle.

631 F.2d 192, 198 (2d Cir.1980).

Here, plaintiff is an older individual suffering from severe heart problems. The record indicates nothing of plaintiff's educational background or current mental state. It is apparent, however, that she may be too ill to attend a hearing. For the ALJ to blithely state that "claimant must have realized she was being overpaid" appears to ignore *Schwingel's* warning. It is very likely that plaintiff, given her circumstances, might merely have looked for her name on these checks, and not the social security numbers, or that plaintiff may not have been able to keep track of the number of checks received or their amounts. The record as it stands leads the Court to wonder if the plaintiff was fully capable of tending to and handling her affairs. On remand, the ALJ should explore in more detail plaintiff's individual circumstances.

## V.

In view of the foregoing, we cannot say that there exists substantial evidence on the record to support the Secretary. While it is not squarely the fault of the Secretary that the hearing was not held, it is not clear that the plaintiff made an informed waiver of her right to a hearing. Evidence required for a sound determination is missing from the record.

Had the plaintiff proceeded *pro se* the record now before the Court would not be acceptable. The plaintiff, now represented by counsel and we hope better informed of the issues and her rights, should have one last chance to make out her case at a hearing before the ALJ.

Accordingly, we remand for a further hearing by the ALJ to gather more complete evidence and testimony on the issue of fault attributable to the plaintiff.

SO ORDERED.